IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT H. MIRACLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-04-769-W |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

<u>SUPPLEMENTAL REPORT AND RECOMMENDATION</u>

Following the decision of the Tenth Circuit Court of Appeals reversing the decision of this Court with respect to the Defendant's denial of Plaintiff's application for social security disability insurance and disabled adult child's benefits, Plaintiff's case was remanded to the Defendant for further administrative proceedings. <u>Miracle v. Barnhart</u>, No. 05-6308, 187 Fed.Appx. 870, 2006 WL 1828533 (10th Cir. July 5, 2006)(unpublished op.); Order and Judgment, West, D.J., Aug. 31, 2006 (Doc. # 43). Plaintiff now seeks an award of attorney's fees in this matter pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Defendant Commissioner has responded to the application. (Doc. # 44). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Plaintiff's Application for Attorney's Fees be granted in part and denied in part.

1

The EAJA requires a court to "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States ... unless the court finds that the position of the United States was substantially justified..." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of showing that its position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995).

The Plaintiff requests an attorney's fee award of $13,290.00, representing 54.75 hours for attorney's services calculated at the enhanced rate of $200.00 per hour, totaling $10,950.00, and for paralegal's services for 37 hours, calculated at the rate of $65.00 per hour, totaling $2,340.00.[1] Plaintiff also requests an award for expenses totaling $255.00 representing filing fees.

Defendant Commissioner does not dispute Plaintiff's assertion that he is a prevailing party for purposes of EAJA fees, without regard to the results obtained on remand. Further, the Commissioner does not assert that its position in this litigation was "substantially justified." The Commissioner objects, however, to Plaintiff's request for an enhanced hourly fee of $200.00 per hour and to the number of hours Plaintiff claims for legal services rendered in connection with this matter.

Here, Plaintiff prevailed because this Court's judgment was reversed and remanded for further administrative proceedings. Because Defendant Commissioner does not assert that its position was "substantially justified," the Plaintiff is entitled to an award of attorney's

---

[1]The undersigned notes the miscalculation by Plaintiff regarding the total amount requested for paralegal services - the correct amount being $2,405.00.

fees under EAJA. The only remaining dispute is the amount of the attorney's fee award.

I. <u>Enhanced Hourly Rate Request</u>

Under the EAJA, attorney's fee awards "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Congress has amended the statutory hourly rate cap to allow for an hourly rate of up to $125.00 per hour for actions filed after March 29, 1996, plus any "cost of living" and "special factor" adjustments. 28 U.S.C. § 2412(d)(2)(A)(ii), as amended by Pub. L. No. 104-121, §§ 232-233.

In <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988), the Supreme Court interpreted the phrase in the statute allowing a discretionary hourly rate increase for "limited availability of qualified attorneys for the proceedings involved" and determined that this phrase "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question - as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation, ... such as patent law, or knowledge of foreign law or language." <u>Id.</u> at 572. The Court specifically excluded from this definition such broad factors as the "novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, and the results obtained....," as well as the "customary fees and awards in other cases...." <u>Id.</u> at 573 (internal quotations omitted). The Court concluded that the lower court's reliance on these latter factors in awarding an EAJA fee constituted an abuse of discretion.

Id.

The Tenth Circuit Court of Appeals has rejected the assertion that Social Security benefits law comprises a specialized practice area warranting an hourly rate in excess of the statutory amount. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990). Rather, the court concluded that "the statutory cap may be exceeded only in the 'unusual situation' where the legal services rendered require specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles.....Although Social Security benefits law involves a complex statutory and regulatory framework, the field is not beyond the grasp of a competent practicing attorney with access to a law library and the other accoutrements of modern legal practice." Id.

In Plaintiff's appeal of the decision entered by this Court, the Tenth Circuit Court of Appeals concluded that the administrative law judge failed to follow the appropriate legal standards in reaching a decision about Plaintiff's ability to work and perform his past relevant work and also failed to adequately develop the record concerning these issues. Miracle, supra, at * 5. Plaintiff contends that his case was more difficult, complex, and time-consuming because of the Commissioner's failure to comply with appropriate legal standards and that success was achieved on appeal due to his counsel's expertise in Social Security law and appellate practice.

Neither Plaintiff's counsel's competency in Social Security law or appellate practice or the issues involved in this matter constitute special factors warranting an increase in the statutory hourly rate. Plaintiff bases his request for an enhanced hourly rate on the fact that

he was successful on appeal and the suggestion that his success was due to his attorney's "expertise and skills." Plaintiff's Memorandum in Support of Application for Attorney's Fees, at 9. Plaintiff has not relied on factors that differentiate this case or his attorney's representation from other Social Security disability cases that are reversed on appeal and remanded to the Commissioner for further administrative proceedings based on errors committed at the administrative level. Nor is Plaintiff entitled to an enhanced hourly rate based on a speculative, unsupported assertion that a $200.00 hourly rate is the "prevailing hourly rate" in this community for similar legal services. Accordingly, Plaintiff's request for an enhanced hourly rate for his attorney's services of $200.00 per hour is denied.

Plaintiff has not requested enhancement of the statutory fee rate due to cost-of-living increases. Accordingly, Plaintiff's fee request for work performed by his attorney will be determined pursuant to the $125.00 statutory fee rate allowed under the EAJA. Defendant has not objected to the $65.00 hourly rate requested by Plaintiff for work performed by Plaintiff's paralegal, and therefore Plaintiff's fee request for work performed by his paralegal will be determined at the rate of $65.00 per hour.

II. Reasonableness of Number of Hours Claimed for Legal Services

Plaintiff requests an attorney's fee award representing 54.75 hours of work by his attorney and 37 hours of paralegal work. Plaintiff has provided a detailed accounting of time spent by the attorney and paralegal in support of this fee request. Defendant Commissioner submits that Plaintiff's request for attorney's fees seeks compensation for an excessive number of hours and that the request should be reduced.

Under the EAJA, an attorney's time that is reasonably expended on the litigation will be compensated. See Weakley v. Bowen, 803 F.2d 575, 579-580 (10th Cir. 1986)(finding attorney's documentation of 11.25 hours at district court level and 56 hours at appellate level were reasonable). In this case, Defendant contends that Plaintiff's request for compensation for 32.5 hours (27 hours by the attorney and 5.5 hours by the paralegal) for time spent on objections to the Report and Recommendation is excessive in light of the request for compensation for 13 hours of attorney's time spent on the opening brief and also in light of the fact that Plaintiff's Objection in actuality constituted another brief rather than an objection to the Report and Recommendation.

In Plaintiff's 12-page opening brief, Plaintiff contended that the ALJ erred in rejecting the credibility of Plaintiff's assertions and that the ALJ's determination that Plaintiff was not receiving mental health care at the time of the application was contrary to the record. Plaintiff also asserted that the ALJ failed to consider Plaintiff's inability to perform competitively in a work environment in light of Plaintiff's work history. Finally, Plaintiff contended that the vocational testimony elicited at the administrative hearing did not provide evidence to support the Commissioner's decision because it did not address Plaintiff's mental impairment. In Plaintiff's 29-page Objection to the Report and Recommendation, Plaintiff re-asserted and enlarged upon the arguments contained in the opening brief. The fact that in the Objection Plaintiff honed arguments made initially in the opening brief does not make the time spent on this task unreasonable. Taken together, the Plaintiff is requesting compensation for 40.5 hours of time spent by his attorney and paralegal for briefing and

filing of the briefs at the district court level. This does not appear to be unreasonable. See Cameron v. Barnhart, No. 01-7145, 47 Fed. Appx., 547, 2002 WL 31079435 (10th Cir. Sept. 17, 2002)(finding reasonable a prevailing plaintiff's request for attorney's fees representing 25.2 hours spent on the opening district court brief and 13 hours spent on the reply brief).

Defendant also objects to Plaintiff's request for compensation representing clerical tasks. The Supreme Court has distinguished purely clerical tasks, holding that such "tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989). See Pettyjohn v. Chater, 888 F.Supp. 1065, 1069 (D. Colo. 1995)(disallowing attorney's fees for time spent on purely clerical tasks). Upon review of Plaintiff's billing records attached to the application for attorney's fees, the records reflect 7.75 hours of time spent on clerical tasks that should be disallowed, including drafting of forms such as a transcript order form, entry of appearance, and docketing statement (2.0 hours on September 29, 2005), a telephone call regarding a federal court notice (.50 on October 12, 2005), preparing documents, photocopying, and travel to a copying business (4.00 hours on November 20, 2005), telephone calls to the Tenth Circuit Court of Appeals regarding electronic filing of briefs and status of case (.25 hours on November 23, 2005, .50 hours on March 20, 2006), and preparing an application for admission to the Tenth Circuit Court of Appeals and accompanying correspondence (.50 hours on February 10, 2006).[2] See

---

[2] Although Defendant requests that the undersigned disallow Plaintiff's fee request for time spent preparing pleadings for electronic filing and electronic filing of pleadings, these electronic filing-related time expenditures are compensable, in the undersigned's opinion, because the electronic filing procedure is designed to allow attorneys to file their own pleadings and because Plaintiff has documented these time expenditures as having been performed by the paralegal at the

In re Meese, 907 F.2d 1192, 1203 (D.C.Cir. 1990)("The court therefore deducts those charges by both paralegals and law clerks for such tasks as 'delivering' or 'picking up' various documents as well as photocopying" as those tasks are "'purely clerical or secretarial' and thus cannot be billed at paralegal or law clerk rates.").

In addition, Plaintiff has included a request for fees representing 6.00 hours for paralegal services on November 21, 2005, for time spent on compensable activities (i.e., finalizing a brief and preparing a table of contents and list of authorities) and time spent on non-compensable clerical tasks (correspondence to appellate court and opposing counsel to accompany the brief and "[m]ultiple travel to Kinko's and Federal Express"). Therefore, this particular fee request should be reduced by half, or to 3.0 hours. Plaintiff has also included a fee request representing both compensable time expenditures and noncompensable time expenditures for time spent on June 2, 2006, to prepare a change of address form (a purely clerical task) and electronic filing of said form (a compensable task). Therefore, this fee request is reduced by half, or to .25 hours. These disallowances result in a reduction of the fees requested by Plaintiff.

Defendant asserts that Plaintiff's fee request representing time spent by his attorney and paralegal preparing the EAJA fee application is excessive. However, the undersigned cannot agree and finds that this fee request is reasonable under the circumstances.

III. Expenses

---

paralegal's reduced rate. However, electronic filing tasks should not require more than a brief expenditure of time.

Plaintiff has additionally sought compensation for expenses of $255.00 representing "Fees to the Court Clerk." Defendant has not objected to this specific fee request, and the undersigned finds that Plaintiff is entitled to recover these reasonable expenses under the EAJA.

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's application (Doc. # 37) be granted in part and denied in part and that Plaintiff be awarded an attorney's fee in the amount of $8,773.75, representing 54.5 hours for Plaintiff's attorney's services at the statutory rate of $125.00 per hour, 26.25 hours for Plaintiff's paralegal's services at the requested rate of $65.00 per hour, and $255.00 for expenses. The award is to be made payable directly to Plaintiff's attorney, Debra W. McCormick. Further, if Plaintiff's counsel is ultimately granted attorney's fees pursuant to 42 U.S.C. § 406(b)(1), she shall refund the smaller award to the Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   17th   day of   November  , 2006.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE